■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN COOPER, Appellant.— Judgment of the Supreme Court, Kings County, rendered September 20, 1967, reversed, on the law and in the interests of justice, and new trial ordered. No questions of fact were considered. In our opinion, the record establishes that the pretrial identification procedure used in this case was unnecessarily and prejudicially suggestive (*People* v. *Ballott*, 20 N Y 2d 600); and the new trial should be untainted by any testimony regarding it. Not only did the police have the victim view appellant (and a codefendant) through a "two way mirror" in the station house three times in one night while the latter were either alone or in the company of others with whom they could not be confused, but the police also informed the victim beforehand that they had caught the two men he had described as his attackers. Inasmuch as identification by the victim is critical in this case, there being nothing else to connect appellant with the crime, the interests of justice require a reversal even though no objection was made at trial. Moreover, the victim gave contradictory testimony upon the trial as to his opportunity to observe his assailants during the commission of the crime. He stated that he actually saw them well, during that brief but frightening episode, for " [a] few minutes. Surely twenty seconds, but more." In addition, he was admittedly somewhat dazed for a time due to the facial blow he had received. He gave the police a physical description of his attackers but it was vague and couched primarily in comparative rather than absolute terms (one man being darker, younger and smaller than the other) except for the coats they had worn. Since we cannot say on the record before us that the in-court identification was not predicated, at least in part, upon the earlier unnecessarily suggestive "show-up", the People may introduce the victim's in-court identification upon the retrial only if they establish, by clear and convincing proof, at a hearing to be held by the Judge out of the presence of the jury, that it is based upon observations of the suspect other than the police station identification (*People* v. *Ballott*, 20 N Y 2d 600, 607, *supra*). Christ, Brennan and Rabin, JJ., concur; Beldock, P. J., and Munder, J., dissent and vote to affirm the judgment, with the following memorandum: Appellant (together with a codefendant) was convicted of robbery and grand larceny, both in the first degree, and assault in the second degree, for having forcibly taken money from the complainant. At the trial, the complainant testified that as he entered the well-lighted hallway of his apartment building he was attacked by two men. He identified appellant as the man who punched him from the front and demanded money and the codefendant as the man who grabbed him from behind. The complainant further testified that he had them under observation during the commission of the crime for approximately five minutes. After the assailants fled, the police were called and the complainant gave them a physical description of the two men who had attacked him and a detailed description of their clothes. Several hours later, after appellant and his codefendant were in custody, the witness

identified them at the police station. The majority of this court is of the opinion that the pretrial identification procedure, i.e., having the complainant view through a "two way mirror" at the police station the accused, both Negroes, either alone or in the company of a uniformed officer, or a white Assistant District Attorney, was "unnecessarily and prejudicially suggestive" and requires reversal and a new trial. Under the circumstances of this case, we cannot agree with this conclusion. It appears from the record that the complainant had sufficient time within which to observe appellant and his codefendant under good lighting conditions and to furnish an accurate description which enabled the police to arrest them within several hours after the commission of the crime. His testimony as to identification was direct and positive and, in describing the person who grabbed him, he was able to state: "Yes, I saw him. It is like a photograph in my head." Thus "There is here no such uncertainty of identification or lack of physical visual opportunity to see and to remember, as to render the * * * [police station] identification ' grossly and unnecessarily suggestive'" (*People* v. *Rivera*, 22 N Y 2d 453, 455). Moreover, as further stated in *Rivera*, "Here, as in *Brown*, there was ample opportunity to observe defendant during the commission of the crime, and it is equally manifest here, as it was in *Brown*, that the witnesses' testimony was not based on or tainted by potentially misleading circumstances in the earlier identification" (p. 455). Accordingly, we are of the opinion that there was no prejudice in the pretrial identification of appellant by the complainant and that, in any event, "the pretrial identification, impermissible though it be, may be disregarded as harmless error" (*People* v. *Brown*, 20 N Y 2d 238, 244).